Judge Hellerstein

08 CIV 5836

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

RODERIC BACOTE,

                      Plaintiff,

-against-

CITY OF NEW YORK and JOHN and JANE DOE 1
through 10, individually and in their official capacities,
(the names John and Jane Doe being fictitious, as the
true names are presently unknown),

                      Defendants.

-------------------------------------------------------------------X

COMPLAINT

Index No.:

Jury Trial Demanded

RECEIVED
JUN 27 2008
U.S.D.C. S.D.N.Y.
CASHIERS

    Plaintiff RODERIC BACOTE, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the State of New York and the United States.

### JURISDICTION

2.     The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

4.     Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff RODERIC BACOTE is a male, a citizen of the United States, and at all relevant times a resident of the City and States of New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, City of New York.

9  That at all times hereinafter mentioned, the individually named defendants JOHN and JANE DOE 1 Through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the States or City New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

12. Each and all of the acts of the defendant alleged herein were done by said

defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

## FACTS

13.     On September 7, 2006, at approximately 4:00 p.m., plaintiff RODERIC BACOTE was lawfully present inside 110 West End Ave., Apt. 13b, New York, New York 10023.

14.     At the aforesaid time and place, the defendants, members of the New York City Police Department, acting under color of law, entered the aforementioned residence with brute force. Two NYPD officers approached plaintiff in his bedroom and insisted that he escort them to their office. Plaintiff was in the process of putting on his shoes – and was neither resisting nor committing any crime whatsoever – when he was grabbed and thrown onto his stomach, at which time the officers intentionally and maliciously grabbed plaintiff's arms, causing painful and severe injuries to plaintiff's right shoulder along with psychic pain.

15.     Notwithstanding that plaintiff was severely injured and presenting no threat to the officers, the officers handcuffed plaintiff, causing his pain and suffering to become compounded and excruciating. Plaintiff was deliberately denied medical attention for his obvious serious medical needs for an extended period of time, and was instead placed in an NYPD vehicle with his seriously injured arm cuffed behind his back. The vehicle was cramped, not equipped for the transport of an injured individual such as the plaintiff, and the ride was bumpy, and the officers were driving at a high rate of speed. Plaintiff was taken to the 20th Precinct stationhouse, where he was placed in a cell and held for hours. Plaintiff was neither fingerprinted nor photographed, and remained in the cell without any medical attention whatsoever. After an excessive amount of time occasioned by the officers' purposeful delay in obtaining medical treatment for the plaintiff, an ambulance finally arrived at the precinct. After another inordinate delay, plaintiff was finally

3

removed to St. Lukes Hospital in Manhattan, where he received emergency medical treatment (while in NYPD custody) and was admitted. After a few days, plaintiff was transferred to Columbia Presbyterian Hospital, where plaintiff subsequently underwent surgery for the injuries inflicted by the defendant NYPD officers.

16. All of the above occurred while other NYPD officers failed to intervene in the illegal conduct described herein.

17. As a result of the foregoing, plaintiff RODERIC BACOTE sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his liberty and constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights under 42 U.S.C. § 1983)

18. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "17" with the same force and effect as if fully set forth herein.

19. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

20. All of the aforementioned acts deprived plaintiff RODERIC BACOTE of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

21. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

22. The acts complained of were carried out by the aforementioned individual

defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

23. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

24. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "23" with the same force and effect as if fully set forth herein.

25. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff RODERIC BACOTE'S constitutional rights.

26. As a result of the aforementioned conduct of defendants, plaintiff RODERIC BACOTE was subjected to excessive force and sustained physical injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

27. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "26" with the same force and effect as if fully set forth herein.

28. Defendants had an affirmative duty to intervene on behalf of plaintiff RODERIC BACOTE, whose constitutional rights were being violated in their presence by other officers.

29. The defendants failed to intervene to prevent the unlawful conduct described herein.

30. As a result of the foregoing, plaintiff RODERIC BACOTE'S liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated

and subjected to handcuffing and other physical restraints, without probable cause. Further, plaintiff sustained physical injuries.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Deliberate Indifference to Medical Needs under 42 U.S.C. § 1983)

31. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32. Defendants were aware of plaintiff's injuries and requests and need for medical attention while in their custody, yet chose to ignore plaintiff. As a result, plaintiff's right to be free from deliberate indifference to serious medical needs was violated and he sustained injuries.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

35. Upon information and belief, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff RODERIC BACOTE'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

36. The foregoing customs, policies, usages, practices, procedures and rules of the

City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff RODERIC BACOTE.

37. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff RODERIC BACOTE as alleged herein.

38. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff RODERIC BACOTE as alleged herein.

39. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff RODERIC BACOTE was unlawfully seized, beaten, detained, incarcerated, prosecuted, and subjected to physical abuse.

40. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff RODERIC BACOTE'S constitutional rights.

41. All of the foregoing acts by defendants deprived plaintiff RODERIC BACOTE of federally protected rights, including, but not limited to, the right to be free from the use of excessive force and/or the failure to intervene, and the right to be free from deliberate indifference to serious medical needs.

48. As a result of the foregoing, plaintiff RODERIC BACOTE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

**WHEREFORE**, plaintiff RODERIC BACOTE demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs and disbursements of their action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
June 25, 2008

>LEVENTHAL & KLEIN, LLP
>45 Main St., Suite 230
>Brooklyn, New York 11201
>(718) 722-4100
>
>By: _____
>BRETT H. KLEIN
>
>Attorney For Plaintiff RODERIC BACOTE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

RODERIC BACOTE,

                                                             Plaintiff,

    -against-


CITY OF NEW YORK and JOHN and JANE DOE 1
through 10, individually and in their official capacities,
(the names John and Jane Doe being fictitious, as the
true names are presently unknown),

                                              Defendants.

------------------------------------------------------------------------X



**COMPLAINT**




                               LEVENTHAL & KLEIN, LLP
                           Attorneys for Plaintiff Roderic Bacote
                                 45 Main Street, Suite 230
                                 Brooklyn, New York 11201
                                    (718) 722-4100